UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH P. ROCCO, Individually and on Behalf of All Others Similarly Situated, | : : : |
| Plaintiff, | : : |
| v. | Case No. 1:12-cv-03015-FB-VMS : : |
| ADIDAS AMERICA, INC. | : : |
| Defendant. | : : |

**DEFENDANT ADIDAS AMERICA, INC.'S
ANSWER TO CLASS ACTION COMPLAINT**

Defendant adidas America, Inc. ("adidas"), by and through its undersigned attorneys, hereby answers each of the numbered paragraphs of the Class Action Complaint filed by Plaintiff Joseph P. Rocco, individually and behalf of all others similarly situated ("Plaintiff"), on or about June 15, 2012 (the "Complaint") as follows:

**NATURE OF THE ACTION**

1.      adidas admits that Plaintiff filed this lawsuit.  The remaining allegations set forth in this paragraph contain conclusions of law to which no response is required; to the extent the remaining allegations set forth in this paragraph require a response, adidas denies those allegations.

2.      adidas admits the allegations set forth in the first sentence of this paragraph. adidas further admits that it markets, distributes and sells shoes called adiPURE Trainer.  adidas denies any and all remaining allegations in this paragraph.

3.      adidas admits that adiPURE Trainer is sold at retail shoe stores such as Footlocker and Dick's Sporting Goods.  adidas denies any and all remaining allegations in this paragraph.

4. adidas denies the allegations in this paragraph.

5. adidas denies the allegations set forth in this paragraph to the extent they mischaracterize the cited materials, present the cited materials out of context, and/or as they relate, if at all, to adiPURE Trainer.

6. adidas denies the allegations in this paragraph as it mischaracterizes the adiPURE Trainer.

7. adidas lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. Accordingly, adidas denies the allegations in this paragraph.

8. adidas admits only that Plaintiff is seeking a refund and injunctive relief as alleged in the Complaint. adidas lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, and accordingly denies the remaining allegations.

9. The allegations in this paragraph are either conclusions of law to which no answer is required, or adidas lacks knowledge or information sufficient to form a belief as to the truth of the allegations. Accordingly, adidas denies the allegations in this paragraph.

## JURISDICTION AND VENUE

10. The allegations in this paragraph are either conclusions of law to which no answer is required, or Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations. Accordingly, Defendants deny the allegations in this paragraph.

11. adidas admits only that it sells products, including the adiPURE Trainer, throughout the United States, including the State of New York. The remaining allegations in this paragraph are either conclusions of law to which no answer is required, or adidas lacks knowledge or information sufficient to form a belief as to the truth of the allegations. Accordingly, adidas denies the remaining allegations in this paragraph.

## PARTIES

12. adidas lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph. Accordingly, adidas denies the allegations in this paragraph.

13. adidas admits that it is an Oregon corporation whose principal place of business and headquarters is at adidas Village, 5055 North Greeley Avenue, Portland, Oregon. adidas further admits that it is an indirect American subsidiary of adidas AG, a joint stock company organized in the Federal Republic of Germany. adidas admits that it markets, sells, and distributes adiPURE Trainer through authorized retailers and through its website throughout the United States, including, but not limited to, Pennsylvania and New York. adidas denies the remaining allegations in this paragraph.

14. This paragraph contains conclusions of law to which no response is required; to the extent this paragraph requires a response, adidas denies those allegations.

## SUBSTANTIVE ALLEGATIONS

**Defendant's Marketing of a Barefoot Trainer**

15. adidas admits the allegations in the first and second sentences of this paragraph. adidas also admits that it launched certain styles of its adiPURE Trainer in the summer of 2011. adidas also admits that a press release for adiPURE Trainer contained the language included in subsections (a)-(c) of this paragraph. adidas denies the remaining allegations in this paragraph.

16. adidas lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. Accordingly, adidas denies the allegations in this paragraph. In addition, adidas denies the allegations set forth in this paragraph to they extent they mischaracterize the cited materials and/or present the cited materials out of context.

17. adidas lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. Accordingly, adidas denies the allegations in this paragraph. In addition, adidas denies the allegations set forth in this paragraph to they extent they mischaracterize the cited materials and/or present the cited materials out of context.

18. adidas admits only that there is video on the cited website with the two persons identified. adidas denies the characterization of the statements these persons made or that Mark Vestergen is an employee of adidas. adidas denies any remaining allegations in this paragraph.

19. adidas admits that certain types of adiPURE Trainer shoes were sold beginning in the summer of 2011. adidas also admits that the "adipure Trainer training shoe" is listed as one of 18 "Major product launches in Q1 2012" in adidas's 2012 first quarter report. adidas denies the remaining allegations set forth in this paragraph to they extent they mischaracterize the cited materials and/or present the cited materials out of context.

**The Unproven Benefits of Minimalist Shoes**

20. adidas denies the allegations set forth in this paragraph.

21. adidas denies the allegations set forth in this paragraph to the extent they mischaracterize the cited materials and/or present the cited materials out of context. adidas denies the remaining allegations.

22. adidas avers that the settlement agreements cited in this paragraph speak for themselves. adidas denies any and all remaining allegations set forth in this paragraph to they extent they mischaracterize the cited materials and/or present the cited materials out of context.

23. adidas denies the allegations in this paragraph.

**The Risks of Minimalist Shoes**

24. adidas denies the allegations set forth in this paragraph to the extent they mischaracterize the cited materials and/or present the cited materials out of context and accordingly denies the allegations. adidas denies any and all remaining allegations. adidas denies any and all remaining allegations insofar as it mischaracterizes the adiPURE Trainer.

25. adidas denies knowledge and information of the allegations set forth in this paragraph to the extent they mischaracterize the cited materials and/or present the cited materials out of context. adidas denies any and all remaining allegations insofar as it mischaracterizes the adiPURE Trainer.

26. adidas denies knowledge and information of the allegations set forth in this paragraph to the extent they mischaracterize the cited materials and/or present the cited materials out of context and accordingly denies the allegations. adidas denies any and all remaining allegations.

27. adidas denies the allegations set forth in this paragraph to the extent they mischaracterize the cited materials and/or present the cited materials out of context and accordingly denies the allegations. adidas denies any and all remaining allegations as it mischaracterizes the adiPURE Trainer.

28. adidas denies knowledge and information of the allegations set forth in this paragraph to the extent they mischaracterize the cited materials and/or present the cited materials out of context and accordingly denies the allegations.

29. adidas denies the allegations set forth in this paragraph as it mischaracterizes the adiPURE Trainer. adidas denies any and all remaining allegations set forth in this paragraph to the extent they mischaracterize the cited materials and/or present the cited materials out of context.

30. adidas denies the allegations in this paragraph.

## CLASS ACTION ALLEGATIONS

31. This paragraph contains conclusions of law to which no response is required; to the extent this paragraph requires a response, adidas denies the allegations set forth therein.

32. This paragraph contains conclusions of law to which no response is required; to the extent this paragraph requires a response, adidas denies the allegations set forth therein.

33. This paragraph contains conclusions of law to which no response is required; to the extent this paragraph requires a response, adidas denies the allegations set forth therein.

34. This paragraph, including subsections (a) though (h), contains conclusions of law to which no response is required; to the extent this paragraph requires a response, adidas denies the allegations set forth therein.

35. This paragraph contains conclusions of law to which no response is required; to the extent this paragraph requires a response, adidas denies the allegations set forth therein.

36. This paragraph contains conclusions of law to which no response is required; to the extent this paragraph requires a response, adidas denies the allegations set forth therein.

37. This paragraph, including subsections (a) though (c), contains conclusions of law to which no response is required; to the extent this paragraph requires a response, adidas denies the allegations set forth therein.

38. This paragraph contains conclusions of law to which no response is required; to the extent this paragraph requires a response, adidas denies the allegations set forth therein.

39. This paragraph contains conclusions of law to which no response is required; to the extent this paragraph requires a response, adidas denies the allegations set forth therein.

40. The statements in this paragraph do not require a response.

## FIRST CAUSE OF ACTION

### (Violation of the Oregon Unlawful Trade Practices Act – National Class)

41. adidas repeats, reiterates and re-alleges its responses to the preceding paragraphs of the Complaint as if fully set forth herein.

42. adidas avers that the text of O.R.S. §§ 646.605 and 646.652 speak for themselves. To the extent this paragraph contains conclusions of law that requires a response, adidas denies the allegations set forth therein.

43. adidas avers that the text of § 646.608 speaks for itself. To the extent this paragraph contains conclusions of law that requires a response, adidas denies the allegations set forth therein.

44. This paragraph contains conclusions of law to which no response is required or adidas lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph. To the extent this paragraph requires a response, adidas denies the allegations set forth therein.

45. This paragraph contains conclusions of law to which no response is required or adidas lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph. To the extent this paragraph requires a response, adidas denies the allegations set forth therein.

46. This paragraph contains conclusions of law to which no response is required; to the extent this paragraph requires a response, adidas denies the allegations set forth therein.

47. This paragraph contains conclusions of law to which no response is required; to the extent this paragraph requires a response, adidas denies the allegations set forth therein.

48. This paragraph contains conclusions of law to which no response is required; to the extent this paragraph requires a response, adidas denies the allegations set forth therein.

49. This paragraph contains conclusions of law to which no response is required; to the extent this paragraph requires a response, adidas denies the allegations set forth therein.

50. adidas denies that it is liable to Plaintiff and/or purported class members for the relief they seek.

## SECOND CAUSE OF ACTION

**(Violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law – Pennsylvania Only Class)**

51. adidas repeats, reiterates and re-alleges its responses to the preceding paragraphs of the Complaint as if fully set forth herein.

52. adidas avers that the text of Penn. Stat. Title 73 § 201-2(4) speaks for itself. To the extent this paragraph contains conclusions of law that requires a response, adidas denies the allegations set forth therein.

53. This paragraph contains conclusions of law to which no response is required or adidas lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph. To the extent this paragraph requires a response, adidas denies the allegations set forth therein.

54. This paragraph contains conclusions of law to which no response is required or adidas lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph. To the extent this paragraph requires a response, adidas denies the allegations set forth therein.

55. This paragraph contains conclusions of law to which no response is required; to the extent this paragraph requires a response, adidas denies the allegations set forth therein.

56. This paragraph contains conclusions of law to which no response is required; to the extent this paragraph requires a response, adidas denies the allegations set forth therein.

57. This paragraph contains conclusions of law to which no response is required; to the extent this paragraph requires a response, adidas denies the allegations set forth therein.

58. This paragraph contains conclusions of law to which no response is required or adidas lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph. To the extent this paragraph requires a response, adidas denies the allegations set forth therein.

59. adidas denies that it is liable to Plaintiff and/or purported class members for the relief they seek.

## THIRD CAUSE OF ACTION

**(Unjust Enrichment – under both Pennsylvania and Oregon Law)**

60. adidas repeats, reiterates and re-alleges its responses to the preceding paragraphs of the Complaint as if fully set forth herein.

61. This paragraph contains conclusions of law to which no response is required; to the extent this paragraph requires a response, adidas denies the allegations set forth therein.

62. adidas denies that it is liable to Plaintiff and/or purported class members for the relief they seek.

## RESPONSE TO PRAYER FOR RELIEF

adidas denies that Plaintiff is entitled to any of the relief requested in the Complaint and/or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

adidas alleges and asserts the following defenses in response to the allegations set forth in the Complaint, undertaking the burden of proof as to only those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.

### First Affirmative Defense

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

The complaint may be barred, in whole or in part, due to a lack of any cognizable injury or damages legally compensable at law.

### Third Affirmative Defense

The complaint may be barred, in whole or in part, because any alleged injury to Plaintiff was not caused by Defendant's conduct.

### Fourth Affirmative Defense

Insofar as Plaintiff and the putative class seek multiple damages or damages in excess of the purchase price against adidas, such damages are improper, unwarranted, not authorized by law and are unconstitutional in the context of this litigation.

### Fifth Affirmative Defense

Plaintiff's counts are barred by the doctrines of waiver, estoppel and/or laches.

### Sixth Affirmative Defense

Plaintiff's counts are barred by the doctrines of accord and satisfaction.

### Seventh Affirmative Defense

Any and all damages sustained by Plaintiff were the result of Plaintiff's own acts or omissions or the acts or omissions of a third party or third parties over whom adidas had no control, or right of control, and for whose conduct adidas is not legally responsible.

### Eighth Affirmative Defense

Plaintiff's claims are barred in whole or in part by Plaintiff's own failure to mitigate damages or losses.

### Ninth Affirmative Defense

Defendant will raise lack of agency, lack of authority, apparent or otherwise, and lack of vicarious liability, if applicable.

### Tenth Affirmative Defense

The complaint may be barred, in whole or in part, because Plaintiff and the members of the purported class did not reasonably rely on any alleged statement or omission by Defendant.

### Eleventh Affirmative Defense

The complaint may be barred, in whole or in part, based on principles of equity.

**Twelfth Affirmative Defense**

The complaint may be barred, in whole or in part, because the alleged injuries or damage complained of by Plaintiff and/or members of the purported class, if there actually were any, were caused by the intervening and superseding events and/or actions of persons or entities other than adidas.

**Thirteenth Affirmative Defense**

Any injury or damage suffered by Plaintiff or any member of the purported class, if there were any, would be adequately compensated in an individual (non class) action at law for damages.

**Fourteenth Affirmative Defense**

The complaint may be barred, in whole or in part, because Defendant's conduct was at all times permissible by law.

**Fifteenth Affirmative Defense**

The complaint may be barred, in whole or in part, because Plaintiff and/or purported class members, through actions or omissions, have expressly or implicitly consented to and ratified the acts about which they now complain.

**Sixteenth Affirmative Defense**

The complaint may be barred, in whole or in part, because at all times at issue herein Defendant's conduct was made in good faith.

**Seventeenth Affirmative Defense**

Defendant's business practices are not unfair, unlawful, or likely to mislead a reasonable consumer.

### Eighteenth Affirmative Defense

The complaint may be barred, in whole or in part, to the extent Plaintiff consented to or approved of all acts and omissions about which Plaintiff now complains.

### Nineteenth Affirmative Defense

The complaint may be barred, in whole or in part, because any representations or statements alleged to have been made by Defendant were true and accurate at the time made and/or otherwise were made in good faith and with a reasonable belief as to their validity and accuracy and with reasonable belief that all of Defendant's conduct was lawful.

### Twentieth Affirmative Defense

The complaint may be barred, in whole or in part, because Plaintiff seeks relief to which he is not entitled.

### Twenty First Affirmative Defense

The class alleged in the Complaint cannot be certified as a litigation class under Rule 23 of the Federal Rules of Civil Procedure.

### Twenty Second Affirmative Defense

Certification of the litigation class alleged in the Complaint would violate the due process requirements of the United States Constitution.

### Twenty Third Affirmative Defense

Defendant denies each and every material allegation as they related to the request for certification of a litigation class, and hereby objects to any such class action certification on the grounds that there is:

    a.     Lack of numerosity;

    b.     Lack of commonality of question of fact;

    c.    Lack of commonality of question of law;

    d.    Lack of typicality;

    e.    Lack of adequacy of representation;

    f.    No questions of law or fact common to the class which predominate over individual questions; and

    g.    Issues of manageability.

## Additional Defenses

Defendant reserves the right to assert additional defenses based on information learned or obtained during discovery.

## REQUEST FOR RELIEF

WHEREFORE, adidas respectfully requests that this Court:

1) Enter judgment in adidas's favor and against Plaintiff on each and every count of the Complaint and on all relief sought by Plaintiff;

2) Award adidas its costs and reasonable attorneys' fees incurred in defense of this action; and

3) Grant such further relief that the Court deems appropriate and just.

Defendants demand a jury trial.

Dated:  September 7, 2012                      Respectfully submitted,

                                                          **REED SMITH LLP**

                                                           By  /s/ John P. Hooper
                                                              John P. Hooper
                                                              Eric F. Gladbach
                                                               REED SMITH LLP
                                                               599 Lexington Avenue
                                                               New York, NY 10022
                                                               Tel: (212) 521-5400

- 16 -

                                                                      Fax: (212) 521-5450
                                                                      jhooper@reedsmith.com
                                                                    egladbach@reedsmith.com

*Counsel For Defendant adidas America, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that, on September 7, 2012, a true and correct copy of the foregoing has been served upon counsel of record by Case Management/Electronic Case Filing system.

**Andrew N Friedman**
Cohen Milstein Sellers & Toll PLLC
1100 New York Ave, Nw
Suite 500W
Washington, DC 20005
Email: bpratt@cohenmilstein.com

**Douglas J. McNamara**
Cohen Milstein Sellers & Toll PLLC
1100 New York Avenue, NW
Suite 500 West
Washington, DC 20005
Email: dmcnamara@cohenmilstein.com

**J. Douglas Richards**
Cohen Milstein Sellers and Toll PLLC
88 Pine Street
14th Flr.
New York, NY 10005
Email: drichards@cohenmilstein.com

with a courtesy copy of the foregoing served by first class postage-prepaid U.S. Mail to the Honorable Frederic Block as per the Individual Motion Practices of Senior Judge Frederic Block.

BY: /s/ John P. Hooper_____ ___
John P. Hooper